# Exhibit "A"

# Exhibit "A-1"

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back         Location : ------ All District Courts ------  Help

# REGISTER OF ACTIONS
### CASE NO. 20-10122-16

| | | | | |
|---|---|---|---|---|
| **Randy Erickson v. JP Morgan Securities LLC** | § § § § § § | | Case Type: Date Filed: Location: Judicial Officer: File Custody/Location: | **Debt/Contract: Consumer/DTPA** **12/04/2020** **16th Judicial District Court** **Shipman, Sherry** **District Clerk's Office** |

---

#### PARTY INFORMATION

| | | | |
|---|---|---|---|
| | | | **Lead Attorneys** |
| **Defendant** | JP Morgan Securities LLC | | |
| | | | |
| **Plaintiff** | Erickson, Randy | | Donna R. Hernandez  *Retained* 610 Parker Square Flower Mound, TX 75028-7427  972-539-0090(W) 972-539-1464(F) |

---

#### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 12/04/2020 | **Plaintiff's Original Petition** | | |
| 12/09/2020 | **Request for Issuance of** *Citation by Certified Mail* Made by:  Erickson, Randy | | |
| 12/10/2020 | **Citation By Certified Mail** *Mailed by Certified Mail* JP Morgan Securities LLC | Served Returned | 12/14/2020 12/21/2020 |
| 12/21/2020 | **Service Returned** *Citation by Certified Mail* Party:  JP Morgan Securities LLC | | |

---

#### FINANCIAL INFORMATION

| | | |
|---|---|---|
| **Plaintiff** Erickson, Randy | | |
| Total Financial Assessment | | 322.00 |
| Total Payments and Credits | | 322.00 |
| **Balance Due as of 12/30/2020** | | **0.00** |
| | | |
| 12/04/2020 | Transaction Assessment | 277.00 |
| 12/04/2020 | TexFile Payment   Receipt # 2020-32257   Erickson, Randy | (277.00) |
| 12/10/2020 | Transaction Assessment | 45.00 |
| 12/10/2020 | TexFile Payment   Receipt # 2020-32681   Erickson, Randy | (45.00) |

# Exhibit "A-2"

NO. 20-10122-16

| | | |
|---|---|---|
| **RANDY ERICKSON** | § | IN THE DISTRICT COURT |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | \_\_\_\_\_ \_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| **JP MORGAN SECURITIES LLC** | § | |
| **Defendant.** | § | OF DENTON COUNTY, TEXAS |

<u>PLAINTIFF'S ORIGINAL PETITION</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Randy Erickson, hereinafter called Plaintiff, complaining of and about JP Morgan Securities LLC and for cause of action shows unto the Court the following:

**DISCOVERY CONTROL PLAN LEVEL**

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

**PARTIES AND SERVICE**

2. Plaintiff, Randy Erickson, is an Individual whose address is 2004 Anemone Dr, Flower Mound, Texas 75028.

3. The last three numbers of Randy Erickson's driver's license number are 529. The last three numbers of Randy Erickson's social security number are 230.

4. JP Morgan Securities LLC ("JP Morgan" or "Defendant) can be served by and through its registered agent for service, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201-3136.

**JURISDICTION AND VENUE**

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

7. This court has personal jurisdiction herein because Plaintiff is a Texas resident

and Defendant is doing business in the State of Texas.

8. Venue in Denton County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

**FACTS**

9. On June 18, 2020 in a telephone conversation with his longtime Private Client Advisor and JP Morgan employee, Jim A. Walker, Plaintiff requested that $200,000 be liquidated from his account so that he could purchase Tesla stock in a non-managed brokerage account at the same financial institution.

10. Mr. Walker represented to Plaintiff that JP Morgan could complete the purchase of the stock then open a *You Invest Trade* account and that the money would be in his new account within 2 to 3 days. Mr. Walker explained that the new account would take just a few minutes to set up. Mr. Walker further represented that the stock would be purchased in whole stock units and that the transaction would be immediately completed upon receipt of the funds.

11. Plaintiff relied on the representations of Mr. Walker and JP Morgan to move forward with the transaction. While the purchase price for the stock varies over time, on June 24, 2020, Tesla stock closed at $960.85. At that price, Plaintiff would have purchased a minimum of 208 shares of Tesla stock had JP Morgan transferred the money and purchased the stock as instructed by Plaintiff.

12. It was not until June 30, 2020, that Jim A. Walker informed Plaintiff that the stock had not been purchased as instructed. On July 16, 2020, April Hall from JP Morgan Wealth Executive Office informed Plaintiff that his $200,000 was finally available to Plaintiff for trade

Copy from re:SearchTX

at which time the Tesla stock value had risen to $1,516.80 per share.

## DECEPTIVE TRADE PRACTICES

13. Plaintiff would show that Defendant engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

14. Defendant engaged in an "unconscionable action or course of action" to the detriment of Plaintiff as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree.

15. Defendant violated Section 17.46(b) of the Texas Business and Commerce Code, in that Defendant:

   (a) represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;

   (b) represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

   (c) failed to disclose information concerning goods or services which was known at the time of the transaction with the intention to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

16. Plaintiff would show that the acts, practices and/or omissions complained of were

Plaintiff's Original Petition                                                                                                     Page 3

Copy from re:SearchTX

the producing cause of Plaintiff's damages.

17. Plaintiff would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code were relied upon by Plaintiff to Plaintiff's detriment.

18. Plaintiff has timely notified Defendant of such complaint pursuant to Section 17.505(a) of the Texas Business and Commerce Code by letter dated July 22, 2020, and would show compliance with all conditions precedent to the filing of this suit and recovery of additional damages under the statute and attorney's fees.

## COMMON LAW FRAUD

19. Plaintiff would further show that Defendant concealed or failed to disclose material facts within the knowledge of Defendant, that Defendant knew that Plaintiff did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Defendant intended to induce Plaintiff to enter into the transaction made the basis of this suit by such concealment or failure to disclose.

20. As a proximate result of such fraud, Plaintiff sustained the damages described more fully hereinbelow.

## NEGLIGENCE

21. In the course of the transactions between Plaintiff and Defendant, Defendant owed Plaintiff a duty to carry out Plaintiff's instructions and to disclose all information related to the transaction.

22. Plaintiff would show that Defendant failed to exercise ordinary care in performing such duty. The acts and/or omissions of Defendant described hereinabove by which Defendant breached such duty constitute a proximate cause of the damages of Plaintiff described more fully

Copy from re:SearchTX

hereinbelow, for which Defendant is liable to Plaintiff.

## NEGLIGENT MISREPRESENTATION

23. Plaintiff would show that Defendant supplied false information in the course of said Defendant's business and in the course of a transaction in which Defendant has a pecuniary interest, and that such information was supplied by Defendant for the guidance of Plaintiff in the transactions described hereinabove. Defendant failed to exercise reasonable care or competence in obtaining or communicating such information. Plaintiff avers that Plaintiff suffered pecuniary loss, described more fully hereinbelow, which was proximately caused by Plaintiff's justifiable reliance on such information.

24. Plaintiff therefore asserts a cause of action for negligent misrepresentation against Defendant, as provided by <u>Federal Land Bank Association of Tyler v. Sloane</u>, 825 S.W.2d 439 (Tex. 1991).

## BREACH OF CONTRACT

25. Plaintiff would further show that the actions and/or omissions of Defendant described hereinabove constitute breach of contract, which proximately caused the direct and consequential damages of Plaintiff described hereinbelow, and for which Plaintiff hereby sues.

## BREACH OF FIDUCIARY DUTY

26. JP Morgan, by and through Jim A. Walker, is an investment advisor and therefore owes a fiduciary duty to his customers. Plaintiff would show that Defendant, individually and as an agent of JP Morgan, breached the fiduciary duty owed to Plaintiff.

## ECONOMIC AND ACTUAL DAMAGES

27. Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described hereinabove:

Copy from re:SearchTX

  (a) Lost profits.

  (b) Loss of the "benefit of the bargain."

  (c) Diminished or reduced market value.

## MULTIPLE DAMAGES

28. Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions. Therefore, Plaintiff is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

## EXEMPLARY DAMAGES

29. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendant at the expense of Plaintiff. In order to punish said Defendant for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages as provided by Section 41.003(a)(1) of the Texas Civil Practice and Remedies Code and by common law.

## ATTORNEY'S FEES

30. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Section 17.50(d) of the Texas Business and Commerce Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.

Copy from re:SearchTX

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Randy Erickson, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

By: /s/ Donna R. Hernandez
Donna R. Hernandez
Texas Bar No. 03638600
Email: donna@attorneyflowermound.com
610 PARKER SQ
FLOWER MOUND, TX 75028-7427
Tel. (972) 539-0090
Fax. (972) 539-1464
Attorney for Plaintiff
Randy Erickson

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

Copy from re:SearchTX

**Denton County District Clerk**
**Ph: 940-349-2200**

FILED: 12/9/2020 4:18 PM
David Trantham
Denton County District Clerk
By: Lea Blevins, Deputy

# E-FILING REQUEST FOR ISSUANCE

- ❖ This document MUST be filed as a separate LEAD document when e-filing.
- ❖ Choose the **Filing code:**
  - o (New Suits select: "**Application**" and on Subsequent filings select "**Request**")
- ❖ Select the type of issuance using the "Optional Services" section on the e-filing screen
- ❖ If a service document is required, you must add the "Copies for Service" and enter the number of pages the clerk needs to print. (Ex: Petition is **5** pages, **3** citations are requested: 5 x 3 = 15 pages will need to printed by the clerk)

Cause No. 20-10122-16

Document to be served: Plaintiff's Original Petition

Style of Case: Randy Erickson v. JP Morgan Securities, LLC

Please use this form when requesting issuance of the below listed types of issuance through the e-filing system.
*Please use other request forms for: Abstracts, Executions, Subpoenas and Order Withholdings*

### Please select the type and quantity of issuance(s) needed:

| Type | Amt | Quantity | Type | Amt | Quantity |
|---|---|---|---|---|---|
| Citation | $8 | 1 | Expunction Notices: Petition & Order | $11 | |
| Citation for Foreclosure | $46 | | Expunction Notices: Amended Petition | $5 | |
| Notice | $8 | | Expunction Orders: Amended Orders | $8 | |
| Show Cause Notice | $8 | | Letter Rogatory | $8 | |
| Temporary Restraining Order | $8 | | Commission | $8 | |
| Protective Order Notice | | | All Writs | $8 | |

Note: PUBLICATION COSTS – If publication is requested in the Denton Record Chronicle, we will provide your contact information to the Denton Record Chronicle for billing.

Name of party to be served: JP Morgan Securities LLC    Type: certified mail
Address for service: CT Corporation System
1999 Bryan St., Suite 900, Dallas, TX 75201

Name of party to be served: _____    Type: _____
Address for service: _____

*Please attach additional pages if there are more parties to be served.*

******** Check one of the options below for your preferred service method ********
**Please hold at Clerks office:**

_____ I will bring in a file-marked copy of the service document to your office for the issuance to be picked up at the front counter.

_____ I request that the issuance be returned by e-service. (service document copy fee and service fee not required)
E-mail Address 1._____  2._____

_____ Please serve by Denton County Constable/Sheriff (I have added the cost for a copy of the service document and have also added the service fee for the Sheriff/Constable)

x _____ Please serve by Certified Mail (I have added the cost for a copy of the service document and have also added the Certified Mail service fee.)

*Additional Notes:* _____

Requestor Name & Phone number:
Donna Hernandez 972-821-2916

Copy from re:SearchTX

## CITATION BY CERTIFIED MAIL

THE STATE OF TEXAS                    COUNTY OF DENTON

CAUSE NO. 20-10122-16

**TO: JP Morgan Securities LLC, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201, (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. The nature of the suit is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

| | |
|---|---|
| Court: | 16th Judicial District Court<br>1450 E, McKinney, 3rd Floor, Denton, TX 76209 |
| Cause No.: | 20-10122-16 |
| Date of Filing: | 12/04/2020 |
| Document: | Plaintiff's Original Petition |
| Parties in Suit: | Randy Erickson; JP Morgan Securities LLC |
| Clerk: | David Trantham, District Clerk<br>1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or Party's Attorney: | Donna R. Hernandez<br>610 Parker Sq., Flower Mound, TX 75028-7427 |

Issued under my hand and seal of this said court on this the 10th day of December, 2020

David Trantham, District Clerk
Denton, Denton County, Texas

BY: _Lea_ _____, Deputy
Lea Blevins